**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSH TOWBIN,<br><br>Plaintiff,<br><br>vs.<br><br>EMPIRE SUZUKI, et al.,<br><br>Defendants. | Case No. 2:08-cv-01719-RLH-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mtn for Sanctions - Dkt. #34) |

This matter is before the court on Defendants' Tom Georgalis' and Empire Suzuki's failure to comply with this court's Order to Show Cause (Dkt. #36). The court makes the following findings:

1. The complaint in this matter was originally filed in state court and was removed to this court on December 5, 2008.

2. The court entered a Discovery Plan and Scheduling Order (Dkt. #11) on February 10, 2009 and approved a stipulation extending the discovery cutoff on May 27, 2009. See Dkt. #18. Plaintiff propounded written discovery on Defendants in May, 2009. Defendants timely responded to the requests for admission, but no other responses were provided. See Motion at 3:13-14.

3. Plaintiff filed a Motion to Extend Discovery (Dkt. #22). The court heard the motion and compelled Defendants to respond within two weeks and warned Defendants that failure to comply could result in sanctions. See Dkt. #27.

4. The court held a status conference on September 8, 2009. See Dkt. #31. Defense counsel represented to Plaintiff's counsel that it was unable to provide discovery responses and advised that it would move to withdraw as counsel. See Exhibit A to Motion; Dkt. #29.

///
///

5.    At the status hearing, the court found the Defendants had not complied with the court's Order (Dkt. #27) compelling discovery.  See Dkt. #31.  The court conditionally granted defense counsel's Motion to Withdraw (Dkt. #29), gave the individual defendant Tom Georgalis thirty days to either retain new counsel or file a statement he would appear *pro se*, and required the corporate defendant to retain new counsel within thirty days.  See Dkt. #31.  The Order (Dkt. #31) advised Defendant Empire Suzuki that because it is a corporation, it could not defend this case except through counsel.

6.    The docket reflects that the order was returned as undeliverable.  Neither Defendant has complied with the order.  Moreover, a review of the court's docket in this matter also reflects that the Defendants failed to update the Clerk of Court with their current address.  See Dkt. #33.

7.    A letter from Ms. Yablon (Dkt. #35) indicates she has never been counsel of record in this matter and ceased representing Empire Suzuki more than six months ago.  Her letter provides a last known address for Defendants.

8.    On November 12, 2009, Plaintiff filed a Motion for Sanctions (Dkt. #34), requesting that the court strike Defendants' pleadings, enter default judgment against Defendants, and award attorneys fees and costs to Plaintiff.  Plaintiff sought the most severe sanction possible because "of the documented blatant and repeated failure of the Defendants to comply with this court's orders or to participate meaningfully and in good faith in this lawsuit."  Motion at 5:8-11.

9.    It appeared, however, that Plaintiff served the Motion on Defendants at the same address from which mail sent by the court was returned as undeliverable.  Because Ms. Yablon provided another address at which the Defendants may be served, the court required Plaintiff to re-serve the motion and allowed Defendants an opportunity to respond.

10.    Defendants did not respond to the Motion for Sanctions (Dkt. #34).

11.    The court entered an Order to Show Cause (Dkt. #36) on December 22, 2009 requiring the Defendants to show cause on or before January 5, 2010 why they had not complied with the court's Order (Dkt. #32) requiring the Mr. Georgalis to retain new counsel or file a notice he would proceed *pro se* and requiring Empire Suzuki to show cause why it had not retained new counsel.  The Order to Show Cause again advised Empire Suzuki that it could not defend this action except through counsel.

1   The Clerk of the Court served Defendants with the Order to Show Cause (Dkt. #36) at Defendants' last known address as ordered.

2   12.   The Order to Show Cause (Dkt. #36) advised Defendants that "[f]ailure to timely respond to this Order to Show Cause will result in the recommendation of case-dispositive sanctions to the district judge." Id. at 3:4-5.

3   13.   Defendants have not responded to the Order to Show Cause (Dkt. #36) or requested an extension of time in which to respond.

4   14.   Defendants' willful failure to comply with the court's orders and the Local Rules of Practice has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  A corporation cannot appear except through counsel. See, e.g., Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); U.S. v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993).  Sanctions less drastic than dismissal are unavailable because Defendants have wilfully refused to comply with multiple court orders and because Defendant Empire Suzuki cannot defend this action except through counsel.

Under these circumstances,

**IT IS RECOMMENDED** that Plaintiff's Motion for Sanctions (Dkt. #34) be GRANTED and that default judgment be entered against Defendants Empire Suzuki and Tom Georgalis.

Dated this 19th day of February, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with

3

points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.